## THE STATE ex rel. E. W. DAVIS v. STATE HIGHWAY COMMISSION OF MISSOURI

### In Banc, December 30, 1925.

1. **MANDAMUS: Affecting Pending Collateral Matter: Discretionary.** Mandamus, within well-defined limitations, is a discretionary writ. Even in a case in which relator has an undoubted legal right and for which mandamus is the appropriate remedy, the court may, in the exercise of a wise discretion, refuse relief; and it is the exercise of such discretion to refuse the writ where, if granted, it would, in a collateral manner, decide questions of importance between persons who are not parties and have no notice or opportunity to interpose their defense.

2. ————: **To Compel Contract for Public Road: Effect of Writ upon Contracts of Others.** Relator brings mandamus to compel the State Highway Commission to award him a contract to construct a certain portion of a cross-state highway, and respondent answers that relator has complied with the law entitling him to such contract, but that a suit had been brought in the circuit court by other citizens to enjoin the letting of a contract for the construction of another part of said highway, in which it was alleged that respondent had illegally changed the route of the highway, and a demurrer to their petition having been sustained such citizens had appealed to the Supreme Court, and if a decision is rendered therein upholding the claim of such citizens it will affect the validity of any contract awarded to relator, since such contract if awarded would pertain to the construction of a portion of the same highway along the changed route, and that said case is still pending in this court and undecided. *Held*, that, conceding that relator has a clear legal right to the award of the contract, unaffected by the existing restraining order in said other case, and that mandamus is the

State ex rel. Davis v. State Highway Commission.

proper remedy to compel the award to him, the writ should not be made peremptory, because the necessary effect would be to render ineffectual the proceeding being prosecuted by such other citizens and thereby deprive them of the relief they seek without having their day in court, since they are not parties to this mandamus suit.

3. ——: **To Compel Performance of Act Forbidden by Injunction.** A peremptory writ of mandamus will not be granted to compel respondent to perform an act forbidden by an injunction in the same court or in another court of competent jurisdiction, or whose performance would be in direct violation of an existing injunction, even though the party seeking relief by the mandamus is not a party to the injunction suit; nor will the court in the mandamus suit inquire into the propriety of the injunction. The Supreme Court will not by mandamus compel the State Highway Commission to award to relator a contract to construct a portion of a highway, although he may have a legal right thereto, where the circuit court has enjoined the construction of another portion of such highway on the ground that its construction along the part of the proposed route affected by the two suits would be illegal. Although the relator in the mandamus was not a party to the injunction suit, and the plaintiffs in the injunction are not parties to the· mandamus suit, respondent in the mandamus, being defendant in the injunction suit, should not be placed between two fires by being subjected to contradictory orders, which render him liable to punishment, on the one hand for a violation of the injunction and on the other for a violation of a contrary peremptory writ in mandamus.

4. ——: ——: **Exception: Public Interest.** A concession (if made) that mandamus suits involving a paramount public interest should be excepted from the rule forbidding the issuance of a writ to compel respondent to perform an act which has been enjoined by a court of competent jurisdiction, will not justify a making of the writ peremptory where the public interest will not be endangered by its refusal. The possibility that other citizens by bringing other suits in circuit courts may obtain injunctive orders restraining the State Highway Commission from constructing that portion of a cross-state highway which in an injunction suit already decided it was claimed was illegally routed and thereby the construction of the highway will be delayed, cannot be said to endanger the public interest, where it is as of much importance that the highway be constructed on a route designated by the statute as it is that it be speedily constructed, and where it is evident that whatever injunctive orders have been made by the circuit courts were made only for the purpose of maintaining the *status quo* until this court

can decide the legality of the routing in the case which has been appealed.

Mandamus, 38 C. J., Section 30, p. 558, n. 67, 68; Section 45, p. 572, n. 79; Section 47, p. 573, n. 1.

## Mandamus.

PEREMPTORY WRIT DENIED.

*Roy D. Williams* for relator.

(1) No discretion is involved. (2) The court can compel the respondent to act. State ex rel. Campbell v. Cramer, 96 Mo. 75; State ex rel. Granville v. Gregory, 83 Mo. 123; State ex rel. v. Jones, 155 Mo. 570; State ex rel. v. West, 272 Mo. 304. (3) The court should compel the respondent to act. High on Extraordinary Legal Remedies, sec. 23; A. T. & S. F. Ry. Co. v. Commissioners of Jefferson County, 12 Kan. 127; Riggs v. Johnson County, 6 Wall. 160, 18 L. Ed. 768; Board of Supervisors v. Judges of Wayne Circuit Court, 64 N. W. (Mich.) 44; 1 Joyce on Injunctions, sec. 411, p. 622; Plank Road Co. v. Circuit Judge, 98 Mich. 141, 56 N. W. 1109.

*Robert W. Otto,* Attorney-General, and *L. Newton Wylder* for State Highway Commission; *E. R. Morrison* and *L. C. Lozier* of counsel.

This respondent admits all the facts as set forth in the petition herein, and by its demurrer it admits the facts set forth in the answer to the respondent therein. The respondent is ready and willing to award contracts for the work covered by the projects described in the relator's petition. The respondents have exercised their discretion in the matter of passing upon the lowest responsible bidders, but they have not entered into, let or awarded contracts to the relator or to the Des Moines Steel Company for the sole and only reason that their

hands are tied by the temporary restraining order of the Cole County Circuit Court. The respondent has pleaded the restraining order of the Cole County Court, and if this court is of the opinion that the peremptory writ should issue, respondent asks that its members, employees and agents be protected in event contempt proceedings be instituted against them. Such protection would seem to be proper in view of the cases cited in the brief for the relator herein.

*E. P. Rosenberger, J. R. Baker* and *N. T. Cave, amici curiae.*

A reading of the pleadings filed herein, together with consideration of the circumstances attending the filing of the same, in a final analysis show that this is a suit instigated, if not instituted, by the State Highway Commission against itself to compel it to do that which the Circuit Court of Cole County has restrained it from doing. This case is an attempt to nullify the order of a circuit court other than by appeal or writ of error, and without making the circuit judge a party to the proceeding. (1) This proceeding ought to be dismissed. The *amicus curiae* has filed a motion to dismiss alleging it is a collusive lawsuit between relator and the State Highway Commission; and, as we understand the rules of practice in this court, while the *amicus curiae* has no absolute right to file such a motion, the motion will be entertained by the court as a suggestion. This unquestionably is a collusive lawsuit. This court will not take cognizance of a proceeding where collusion is shown. Meeker v. Straat, 38 Mo. App. 239; State ex rel. v. Westport, 135 Mo. 120. (2) The peremptory writ of mandamus will not be granted in view of the outstanding injunction. State ex rel. Sparks v. Wilson, 49 Mo. 146; State ex rel. Phelan v. Engelmann, 86 Mo. 551; State ex rel. Rainwater v. Ross, 245 Mo. 336; High on Extraordinary Legal Remedies, sec. 23; Ohio & Indiana Railroad Co. v. Commrs. of Wyandot County, 7 Ohio St. 280; People ex

rel. Mitchell v. Warfield, 20 Ill. 160; People ex rel. Sullivan v. Hake, 81 Ill. 540; State ex rel. Mills v. Kispert, 21 Wis. 392.

*Roy D. Williams* for relator in reply.

(1) The brief of *amicus curiae* urges that this is a collusive lawsuit and that it should be dismissed. The pleadings in the case show that the relator was the lowest responsible bidder upon the contracts described in the petition; that the bids made by the relator were in every way acceptable to the State Highway Commission, and that the law with respect to the letting of contracts for the construction of state highways has in every respect been complied with. The allegations of relator's petition are of necessity admitted by the respondent, because they correctly and accurately set out the facts as they exist. The respondent could not in good faith deny them. The respondent, however, further alleges that it has refrained from letting the contracts described in relator's petition for the reason that they have been restrained from doing so by a temporary restraining order issued by the Circuit Court of Cole County in a suit brought by East et al. against the State Highway Commission. (2) Relator's answer to respondent's return alleges that the East case is practically identical with a suit brought by Castilo, which is now pending in this court. It is admitted that the decision of this court in the Castilo case will be controlling in the East case. This court, therefore, has before it for decision the questions which will determine whether or not the restraining order issued by the Circuit Court of Cole County in the East case is proper. (3) It is obvious from the pleadings in this case that the relator has a right to have the contracts described in his petition awarded to him by the respondent. Relator is not a party to the suit in which the restraining order was issued. It is inconceivable that relator could properly be made a party to the East suit. His only remedy, therefore, is by mandamus to compel

the Highway Commission to award to him the contracts upon which he submitted the lowest and best bid, and which he has a right to be awarded. He is thus brought directly within the principle of A. T. & S. F. Ry. Co. v. Commissioners, 12 Kan. 127. An examination of the cases cited by *amici curiae* reveals that the determining factor in any such case is whether or not the parties have real rights and interests to be determined. If there are real rights or conflicts of interests to be litigated, then the court will hear and determine the case even though the parties may have amicably agreed to bring the question before the court in a short and direct manner. 1 C. J. 974; Lord v. Veagie, 8 How. 251. (4) This is not a suit to dissolve an injunction. This suit is brought for the purpose of enforcing a right which relator has. The cases cited by *amici curiae* are cases in which attempts were made to control the issuance of an injunction by a mandamus proceeding directed against the court in which the injunction suit was pending. No such situation is present in this case. It is a case involving the highest public interest, and the fact that the public interest enters so largely into this case is sufficient to distinguish it upon its facts from the cases cited by *amici curiae*. The relator has a right which arises independently and entirely separately from the controversy which is being litigated in the injunction suit in the circuit court. 1 Joyce on Injunctions, sec. 411, p. 622. (5) Relator contends. that the public interest involved in this case is sufficient to take it out of the general rules governing issuance of the writ of mandamus. The vital importance of the completion of that portion of the highway included in the contracts described in relator's petition, is well known. Even though this court should decide in the Castilo case that the circuit court correctly sustained defendant's demurrer to plaintiff's petition, and that no injunction should issue against the Highway Commission in the premises, nevertheless it would be entirely possible, and not at all improbable, that other persons in this State should appear before the various circuit

courts and secure restraining orders, restraining the Highway Commission from proceeding with the construc tion of this highway. If such were the case, the construction of this highway might be delayed for an indefinite period of time. State ex rel. v. Dreyer, 229 Mo. 201.

RAGLAND, J.—This is an original proceeding in mandamus. It is alleged in the alternative writ that the relator is a resident, citizen and taxpayer of the State of Missouri; that respondent, State Highway Commission, "has advertised for and received bids in accordance with law for the construction of certain parts of Highway No. 2 in Boone and Callaway Counties, Missouri, being known and designated as Route 2, Section 44; Route 2, Section 45; Route 2, Section 46; Route 2, Section 48; Route 2, Section 51, all in Callaway County, Missouri, and Project 229-C, Boone County, Missouri; Project 229-D, Boone County, Missouri, and Route 2, Section 43, Boone County, Missouri, and Route 2, Section 50, Callaway County, Missouri; and notwithstanding the fact that bids have been received in accordance with law and the State Highway Commission has found who the lowest responsible bidders are, and notwithstanding the fact that said proposals for the work on said sections are very advantageous to the State of Missouri and the citizens thereof, and notwithstanding the immediate necessity of awarding said contracts and beginning the necessary grading and bridging of said road, the respondent without just cause or reason arbitrarily refuses to award said contracts to E. W. Davis, of Boonville, Missouri (relator), and the Des Moines Steel Company, a corporation of Des Moines, Iowa, the lowest responsible bidders for said work." Following these allegations respondent is commanded to "award, let and enter into said contracts" to relator and Des Moines Steel Company in accordance with their several bids, or show cause, etc.

For return to the writ respondent averred: "that it is ready and willing to award said contract to the bid-

ders named in said petition and each and all thereof; and respondent further states that said bidders have each of them conformed with all requirements of law, and are the lowest responsible bidders on said contracts and each of them; respondent further says that it has heretofore found and determined that it is to the best interests of the State of Missouri and of the State Highway Commission of Missouri that said contracts be awarded and let to the contractors named in the petition herein; and respondent states that the sole and only ground for its failure to award, let and enter into the said contracts with the said contractors named in said petition for the said projects described therein, is that a certain temporary restraining order was heretofore and on or about——day of August, 1925, issued by the judge of the Circuit Court of Cole County, State of Missouri, in a certain cause entitled W. J. East et al., plaintiffs, vs. State Highway Commission of Missouri, defendant, in and by which temporary restraining order this respondent was restrained and prohibited from entering into any contracts or obligations for the construction, reconstruction or improvement of that portion of State Highway Number 2 described in the petition herein, and that said restraining order is still in effect, notwithstanding the fact that this respondent did heretofore and on or about the 22nd day of September, 1925, present to the judge of said court its motion for a dissolution thereof.''

For reply to the return relator admitted the issuance of the temporary restraining order therein referred to, in the case of East et al. vs. State Highway Commission, but averred that the matters and things at issue in that action had theretofore been fully adjudicated, and determined adversely to the contentions of plaintiffs therein, in a prior action to which they were parties by representation, that of Castilo et al. v. State Highway Commission; ''that to permit successive suits by taxpayers for adjudication thereof, in respect to public projects and public improvements, would intolerably harass, delay

and prevent the carrying out of such projects and improvements, and this court should by its writ of mandamus direct and compel the State Highway Commission to proceed with the awarding, letting and entering into of said contracts notwithstanding said injunction, and should if necessary by writs of prohibition, *habeas corpus* or otherwise, as occasion might require, protect the members of the State Highway Commission, their employees and agents against said restraining order so issued by the Honorable Judge of the Circuit Court of Cole County.''

Respondent demurred generally to relator's reply. The demurrer may be treated as a motion for judgment on the pleadings.

The pertinent facts as disclosed by the pleadings and the exhibits filed in connection therewith are as follows:

Suit was brought to the March term, 1923, of the Cole County Circuit Court by Mitchell Castilo et al., as plaintiffs, against State Highway Commission, as defendant. The plaintiffs averred that they were resident citizens and assessed taxpayers of the counties of St. Charles and Warren and of the State of Missouri and that they brought and prosecuted the action for and on behalf of themselves and for and on behalf of all other resident citizens and assessed taxpayers of the State of Missouri similarly situated and interested. It was alleged in their petition, in substance, that the road popularly known as the Boonslick Road, extending eastwardly from Glasgow in Howard County, across the counties of Howard, Boone, Callaway, Montgomery, Warren and St. Charles, to the city of St. Charles, was by the Act of 1921 creating a State Highway Commission, made a constituent part of the state highway system described therein and created thereby; that pursuant to authority conferred by said act the State Highway Commission designated the route of the Boonslick Road as a part of the route of the higher-type road to be constructed between St. Louis and Kansas City; and that after so selecting said route for the construction of a

higher-type road, the Commission had announced its purpose to so change it that it would be north of its then location and at distances therefrom varying from one to ten miles. It was sought by the action to perpetually enjoin the Commission from making such, or any, change in said route. The cause was heard and disposed of in the circuit court on a general demurrer to the petition. From the judgment dismissing their bill plaintiffs were allowed an appeal to this court. No restraining order was asked or granted either while the cause was pending in the circuit court or at the time of the taking of the appeal.

After plaintiffs' bill in the Castilo case had been dismissed by the circuit court and during the pendency of the appeal, the Highway Commission proceeded with the construction of a higher-type road along the route as changed in conformity with its previously announced purpose. It prosecuted the work from both east and west and made such progress that in August of this year there only remained a short gap—across Boone and Callaway counties—to be closed up in order for the entire construction to be completed. At that stage of the construction East and others, citizens and taxpayers of Callaway County, being apprehensive no doubt that the road would be completed across Callaway County on the changed route before the Castilo case could be heard in this court, brought a second injunction suit against the Commission in the Cole Circuit Court and procured a temporary restraining order. The bill in the East case recited, among other things: "That said cause (the Castilo case) is now pending in the Supreme Court of Missouri and will be heard in said court on or about October 12, 1925, and that the issues and matters in dispute in said cause as may be determined by the Supreme Court will very largely adjudicate and determine whether the defendant, the State Highway Commission, is acting within its right and authority in the establishment and location of the higher-type road as above described along a route other than that designated by the Legisla-

ture as above mentioned; and these plaintiffs state and allege that the defendant, the State Highway Commission, knowing that said issues would soon be determined, adjudicated and settled by decision of the Supreme Court of the State of Missouri, has purposely, and in an effort to avoid the binding force and effect of said decision is undertaking to enter into contracts with divers persons for the construction of the above described higher-type road prior to the rendition of said judgment by the Supreme Court, and in that manner possibly avoid and nullify the force and effect of such decision and determination of said Supreme Court."

After the granting of the restraining order in the East case relator instituted the present proceeding in this court. The mandamus and the appeal in the Castilo case were heard and submitted at the same time.

Respondent through the brief of its counsel discloses its attitude in this proceeding in this wise:

"The respondent is ready and willing to award contracs for the work covered by the projects described in the relator's petition. The respondent has exercised its discretion in the matter of passing upon the lowest responsible bidders, but it has not entered into, let or awarded contracts to the relator or to the Des Moines Steel Company for the sole and only reason that its hands are tied by the temporary restraining order of the Cole County Circuit Court.

"The respondent has pleaded the restraining order, . . . and if this court is of the opinion that the peremptory writ should issue, respondent asks that its members, its employees and agents be protected in event contempt proceedings be instituted against them."

It thus appears that while relator and respondent are adversary on the record they are in exceedingly close concord as to one objective, and that is, the striking down of the restraining order of the Cole County Circuit Court.

Relator sues apparently in a double capacity: As a citizen and taxpayer he would have respondent brought under compulsion touching the performance of a public

duty; as an individual he seeks the enforcement of a private right. With respect to the latter he alleges that being the lowest responsible bidder for the construction of the public work described in the writ, which the respondent concedes, he has a clear legal right to have the contracts for such construction awarded to him; that such right is in no way affected by the outstanding restraining order granted by the Circuit Court of Cole County, in the case of East et al. vs. State Highway Commission, because he was not a party to that proceeding and could not under the law have been made a party thereto; and that he is entitled to mandamus for the enforcement of his said right, not only for the reason that it is an appropriate remedy, but because the law affords him no other.

**Precluding Pending Suit.** But conceding that relator has a clear legal right to the award of the contracts referred to, unaffected by the existing restraining order, and that mandamus is the proper remedy for its enforcement, still it does not follow that a peremptory writ should issue in this case. This for two reasons. First, the necessary effect of the award of the writ would be to render ineffectual the proceeding being prosecuted by the citizens of Callaway County in the Cole Circuit Court and thereby deprive them of the relief they there seek without their having had "their day in court." Relator insists, however, that their contentions were determined adversely to them in the prior case of Castilo, and that they are concluded by the judgment in that case because they were parties thereto by representation. But whether they are so concluded is a question which should be heard and determined in the cause they are prosecuting in the circuit court, where both they and their adversary will be afforded an opportunity to be heard. Mandamus is, within the well-understood limitations, a discretionary writ. "Cases may arise where the applicant for relief has the undoubted legal right, for which mandamus is the appropriate remedy, but where the court may, in the exercise of a wise judicial discretion, still refuse the relief." [High, Extra. Rem. (3 Ed.) p. 13,

sec. 9; State v. Railroad, 77 Mo. 143.]    And it is the
exercise of such a discretion to refuse the writ where,
if granted, it would, in a collateral manner, decide ques-
tions of importance between persons who are not parties
to the proceeding and have had no notice and opportunity
to interpose their defense.    [People v. Forquer, Breese
(1 Ill.) 104.]

The second reason why the writ should not go in
this case finds expression in the text of the eminent au-
thor from whom we have heretofore quoted, as follows:

Conflict
with
Injunction.

"And the rule is well established that the writ
will not be granted to compel the performance
of an act which has been expressly forbidden
by an injunction in the same court or in an-
other court of competent jurisdiction, or whose perform-
ance would be in direct violation of an existing injunction,
even though the person seeking relief by mandamus is not
a party to the injunction suit. Courts will not compel par-
ties to perform acts which would subject them to pun-
ishment, or which would put them in conflict with the
order or writ of another court, nor will the court, in
such cases, to which application is made for mandamus,
inquire into the propriety of the injunction."    [High,
Extra Rem. (3 Ed.) sec. 23.]    The reason for the rule is,
in part, that the respondent should not be placed between
two fires by subjecting him to contradictory orders and
render him liable to punishment on the one hand for con-
tempt for the violation of the injunction, or on the other
hand for the violation of the mandate.  · As already noted
the respondent in this case suggests that it will suffer
no embarrassment on account of a mandate directed to it
to award the contracts in question, if this court will prom-
ise in advance to protect it from the judicial wrath which
may be aroused on the part of the Cole Circuit Court
by a violation of its order.    Possible embarrassment of
both respondent and ourselves will be entirely avoided
by a refusal of the writ.

It is next suggested by relator that even if the order
in the East case should be dissolved by the Circuit Court

of Cole County, there is no assurance that some other set of citizens going before some other circuit judge might not obtain another restraining order and again tie up the construction of the highway in controversy. In this connection he contends that the public interest involved is sufficient to take this case out of the general rules governing the issuance of the writ of mandamus. In support of this contention he cites, among others, the case of Board of Supervisors v. Judges, 64 N. W. (Mich.) l. c. 44, wherein it is stated: ". . . important public improvements should not be compelled to await the 'law's delay' consequent upon the final determination of a long chancery suit, and . . . the writ of mandamus is proper under the circumstances to obtain a speedy determination." Assuming, without deciding, that cases involving a paramount public interest should be excepted from the rule which forbids the issuance of a writ of mandamus to compel the performance of an act which has been enjoined by a court of competent jurisdiction, we are of the opinion that the public interest does not require the case in hand to be so excepted. In the first place it is just as much to the public interest to have the cross-state highway from St. Louis to Kansas City constructed on a proper route, that is, one determined in accordance with the provisions of the statute, as it is to have it speedily constructed. In the second place it is perfectly apparent that the East suit would not have been brought, nor would a temporary restraining order therein have been made, but for the fact which had become patent, namely, that the Highway Commission would succeed in completing the construction of a highway on the changed route before the statute defining their authority with respect thereto could be finally passed upon in the Castilo case. It must be assumed that when this court has construed the statute in respect to the authority it confers upon the Highway Commission to change the routes which the latter designates for higher-type roads, such construction will be followed by the circuit courts of the State, as it is their constitutional duty to

do, and that they will not issue vexatious restraining orders which operate merely to impede or obstruct the building of the State Highway System now going forward with such marked progress.

For the reasons herein appearing the peremptory writ is denied and the proceeding dismissed. All concur, except *Otto, J.,* not sitting; *Atwood, J.,* in result only.