EVERETT L. GIBSON et al., appellants in first case; ROBERT W. CAIN et al., appellants in second case; MACK JAMISON et al., appellants in third case, all v. WINTERSET COMMUNITY SCHOOL DISTRICT et al., appellees.

Nos. 51609
51774.

(Reported in 138 N.W.2d 112)

NOVEMBER 16, 1965.

REHEARING DENIED JANUARY 11, 1966.

442

Richard C. Turner, of Council Bluffs, for appellants.

Webster, Frederick & Jordan, of Winterset, for appellees.

BECKER, J.—Various plaintiffs all representing the same electors have commenced three separate actions against defendants. All of the cases have been consolidated on appeal.

Appellants were plaintiffs in the trial court. Appellees were defendants in the trial court. Plaintiffs seek to enjoin the submission of bond issues in the amount of $845,000 to the electors of the Winterset School District until a $500,000 bond proposal requested by petition by plaintiffs and those similarly situated has been submitted to the same electors.

The Winterset Community School District has submitted proposed bond issues to its electors on six occasions, as follows: $850,000 on June 2, 1959; $890,000 on June 1, 1960; $845,000 on June 11, 1963; $845,000 on January 7, 1964; $845,000 on July 14, 1964; $845,000 on February 2, 1965. A seventh bond issue election set for October 12, 1965, for $890,000 has been stayed by order of this court.

All of the foregoing bond issues failed to carry the requisite 60 percent approval by the voters. The votes for approval varied from a low of 38 percent in the first election to a high of nearly 59 percent in the last two elections.

After the first three elections had been defeated, the school board on November 14, 1963, approved a petition for the submission of an $845,000 issue, which was subsequently set for election on January 7, 1964. On December 26, 1963, plaintiffs filed a petition asking the submission of a $500,000 bond issue. On December 27, 1963, the $500,000 petition was rejected by defendants.

On January 4, 1964, plaintiffs filed a second petition for a $500,000 school bond election identical to the first petition except

that it requested the petition be filed immediately, but not acted on until after the school bond election set on January 7, 1964. On January 9, 1964, the school board met and rejected the January 4, 1964, petition. On January 13, 1964, the school board accepted a fifth petition for $845,000 and set the date of election for July 14, 1964.

On June 2, 1964, the first two of these consolidated suits were brought seeking to restrain the holding of the July 14, 1964, election and to have defendants ordered to hold an election on at least one of the $500,000 bond issue petitions previously filed by plaintiffs. The matter was submitted on stipulation and on June 22, 1964, both petitions were dismissed with prejudice at plaintiffs' cost.

The July 14, 1964, election was defeated and on July 16, 1964, a sixth $845,000 petition was filed. On July 20, 1964, a third $500,000 petition was filed and on that date the $845,000 petition was approved and the $500,000 rejected.

On September 28, 1964, plaintiffs filed a third petition seeking a writ of injunction against the February 2, 1965, election and a writ of mandamus commanding defendants to call a meeting and election on the $500,000 issues and each of them in successive elections before any further bond issues are submitted by defendants. This was the third of the consolidated lawsuits. Opinion denying the relief asked by plaintiffs was filed December 1, 1964.

Section 296.3, Code 1962, provides:

"Election called. The president of the board of directors on receipt of such petition shall, within ten days, call a meeting of the board which shall call such election, fixing the time and place thereof, which may be at the time and place of holding the regular school election."

Plaintiffs contend the foregoing statute is mandatory, that existence of a previously filed school bond election petition does not obviate the duties of the school board to submit the issue proposed by 25 percent of the voters in accordance with the statute; and further that if the statute is discretionary, then the discretion was abused.

Defendants answer that the board has no mandatory duty

to submit bond issues requested in a regular petition where a prior petition has been filed and approved; the December 18, 1963, petition of the plaintiffs was voided by the fact there was already a bond issue on the same subject set for January 7, 1964, for election; that the January 4, 1964, petition was illegal and void because it requested that it not be acted upon until after the January 7, 1964, election, thus making it conditional; and that the July 20, 1964, petition of plaintiffs was also invalid by reason of the fact that a prior petition had been filed with defendant board on the same subject.

Both judges who heard these matters in the trial court felt that where two petitions are before the board of directors at the same time, there would be some discretion lodged with the board to choose between the two. Judge Hobart E. Newton observed "this court is of the opinion, but somewhat less than sure that the acts of the Winterset Board were discretionary acts other than ministerial." Each judge, in the separate cases, then found that there was no abuse of discretion and dismissed the petitions at plaintiffs' cost.

■■ I. The word *shall* when used in a statute is ordinarily to be construed as mandatory. Hansen v. Henderson, 244 Iowa 650, 56 N.W.2d 59.

" 'A ministerial act has been defined as "one which a person or board performs *upon a given state of facts*, in a prescribed manner, in observance of the mandate of legal authority, and without regard to or the exercise of his own judgment upon the propriety of the act being done." * * *.' " (Italics ours.) Arrow Express Forwarding Co. v. Iowa State Commerce Comm., 256 Iowa 1088, 1091, 130 N.W.2d 451. The existence of two or more petitions before the board at the same time seeking, in different ways, to solve the same problem, may well be a factual circumstance which removes the duty of the board from the ministerial category. In view of our ultimate holding, we do not pass on the mandatory nature of the statute in the present factual situation.

■ II. Mandamus will issue to correct an abuse of discretion. "In Miller v. Hanna, 221 Iowa 56, 62, 265 N.W. 127, this court quotes the principle so well stated in 18 R. C. L. 126, section 39, respecting arbitrary use of discretion, in this language:

' "It is not accurate to say that the writ will not issue to control discretion, for it is well settled that it may issue to correct an abuse of discretion, * * * *or such an evasion of positive duty, as to amount to a virtual refusal to perform the duty enjoined, or to act at all, in contemplation of law;* and in such a case a mandamus would afford a remedy where there was no other adequate remedy provided by law." ' (Italics ours.)" See Pierce v. Green, 229 Iowa 22, 40, 294 N.W. 237, 131 A. L. R. 335, where the authorities are extensively collected.

█  III.  The board of directors had unsuccessfully submitted four bond issues in excess of $800,000 before plaintiffs challenged them in court. For more than six months plaintiffs had been trying to have one or more of their $500,000 bond issue proposals submitted to the electorate. The consistent failure to recognize plaintiffs' right to have an election on the $500,000 bond issue constituted arbitrary and capricious action subject to relief by mandamus.

If the board is assumed to have discretion to choose between the propositions contending for submission to the voters, it follows that the exercise of such discretion should not be disturbed unless a clear abuse is evident. But the discretion is not absolute. The desire of at least 25 percent of the last voting electorate was evidenced by the petitions filed. Record evidence subsequent to the filing of the first petitions shows that the large bond issues have now been submitted six times and defeated six times, while plaintiffs' petitions were being sidetracked. The seventh large bond issue election has been halted by action of this court. It is not necessary to decide at what point the action of the board ceased to become a valid exercise of discretion and became an arbitrary and capricious refusal to submit the alternate proposition. It is sufficient that such point has passed. Plaintiffs are entitled to their day before the electorate. Under our bond issue laws it is the voters; not the board of education and not the courts, who must ultimately decide this issue. Plaintiffs' petition in acceptable statutory form could not validly be ignored *ad infinitum.*

█  IV.  There is no authority cited for the proposition that submission of a bond issue to the voters voids a petition for another bond issue which is on file at the time of the first election.

The Corpus Juris Secundum citations offered by defendants are concerned with reorganization elections, not apropos to this problem. The January 4, 1964, election did not void the petition filed by plaintiffs on December 26, 1963.

The request contained in the January 4, 1964, petition did not invalidate that petition or make it illegal. We need not now decide the effect of an action by the petitioners subsequent to the January 7, 1964, election had said election been successful. The January 7, 1964, election was unsuccessful and no effort was made by the petitioners, or any of them, to withdraw the petition or any names therefrom.

Therefore, the first $500,000 bond issue petition must be honored by submission to the voters in legal manner. Submission shall be of that proposition only and election thereon shall be held before any other bond issue election in defendant district. Since all three of plaintiffs' petitions seek the same result, submission of the first petition in point of time will meet all legal requirements under the facts of this case. The other two petitions need not be submitted. This is not to be taken as a prohibition against plaintiffs submitting later petitions at later times.

V. The constitutional issues raised by plaintiffs need not be and are not decided.

In the case of Everett L. Gibson et al. v. Winterset Community School District et al. it is directed that a writ of mandamus issue commanding defendants to call a meeting and an election on plaintiffs' $500,000 bond issue proposal, to fix the time and place thereof, and that an injunction issue enjoining the holding of any other bond issue elections before such action is taken, costs to be taxed to defendants.

In the case of Robert W. Cain et al. v. Winterset Community School District et al. it is directed that said action be dismissed on the grounds that the questions therein contained have been decided and that the costs be taxed to the defendants.

In the case of Mack Jamison v. Winterset Community School District et al. it is directed that said action be dismissed on the grounds that the questions have been decided and that costs be taxed to the defendants.—Reversed and remanded.

All Justices concur.