# IN THE COURT OF APPEALS OF IOWA

No. 17-1097
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BEAU TREMAINE BERGE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dickinson County, David C. Larson,

District Associate Judge.

        The defendant challenges the order requiring him to pay costs associated

with dismissed charges.  **AFFIRMED.**

        Pamela A. Wingert of Wingert Law Office, Spirit Lake, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Israel J. Kodiaga,

and Kelli A. Huser (until withdrawal), Assistant Attorneys General, for appellee.

        Considered by Vaitheswaran, P.J., Doyle, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

Nine years after the district court erroneously assessed Beau Tremaine Berge (Berge) court costs in dismissed criminal cases, he challenged the assessment of those costs, which the district court denied. On this discretionary review, because of legal precedent, Berge's own failure to timely challenge the assessments, and his later agreement in a contempt proceeding to pay the costs, we find the district court properly denied Berge's challenge and affirm.

I.      Factual and procedural background.

In July 2007, Berge was charged with one felony drug count in Dickinson County case No. FECR016893, as well as two related charges in case Nos. SM065539 and SM062381. Berge retained private counsel and filed a motion to suppress. Following a hearing, on May 12, 2008, the court granted Berge's motion to suppress. Due to the grant of the suppression motion, on July 7, the State filed a motion to dismiss FECR016893. On that same date the court entered an order granting the motion and dismissing that case, but taxing court costs to Berge in the amount of $100.[1] Similarly, on August 14, 2008, the State filed a motion to dismiss the two accompanying misdemeanor charges (Nos. SM065539 and SM062381),

---

[1] The dismissal order reads: "The Defendant's bail, if any, is exonerated, and costs in the amount of $__*____ and attorney fees of $_____, if any, are taxed to Defendant, to be paid (by 8/4/08 [handwritten]). Below the judge's signature is handwritten: " *costs $100.00."
The clerk of court docket states:
     07-JUL-08 02:22 PM 0 OODP C Description ORDER OF DISPOSITION
     Filed By DI1033787 LESTER, DAVID A
     Comment(s) ORDER TO DISMISS ALL COUNTS,W/CC,ATTY TAXED TO
     DEFT, DUE 08/04/08
Under the Judgment/Lien Docket it states:
     08-JUL-08 BERGE, BEAU TREMAINE
     08-JUL-08 $100.00 CC DUE 08/04/08
     08-JUL-08 +ATTY

and the court entered an order on that same day dismissing those criminal charges, but again taxing court costs to Berge.[2] Berge did not consent to the taxing of any of the costs in these dismissed cases. Berge did not file an appeal or seek a hearing challenging the taxing of court costs in any of these dismissed cases.

Two years later, on July 9, 2010, the State filed an application against Berge for contempt for failure to pay, listing case Nos. FECR016893, NT006855, SMSM062381, and SMSM065539. The application contained no itemization by case of the total amount claimed of $1466.02. On August 12, at the time scheduled for hearing on the contempt application, Berge admitted he was in contempt of court as alleged in the State's application and did not challenge the amount of the fines and court costs he had been ordered to pay. Based on Berge's admissions, the court found him in contempt of court for failure to pay,[3] sentenced him to seven days in jail, and withheld mittimus conditioned on Berge making monthly payments of $50.00 to the clerk of court. Berge's signature appears on the bottom of the ruling regarding contempt of court, agreeing to the ruling in form and substance. Berge did not appeal this order.

On June 8, 2011, the State requested a mittimus hearing to determine whether Berge should be required to serve the seven days in jail for the contempt based upon his failure to make the monthly payments as agreed. The mittimus hearing was scheduled for July 7. When Berge failed to appear for the hearing, a

---

[2] The motion and order are signed on August 14, but filed on August 15, 2008. The dismissal order reads: "The Defendant's bail, if any, is exonerated, and costs in the amount of _$ 100.00 ($50 each)_ and attorney fees of $ _?_ , if any, are taxed to Defendant, to be paid (by Sept 15, 2008 [handwritten])."

[3] The court did not delineate whether the finding was based on a failure to pay fines or court costs.

bench warrant was issued for his arrest. Almost four years later, on May 7, 2015, after the State learned that Berge was incarcerated in federal prison, the State filed a motion to dismiss the mittimus proceeding. The court granted the motion, canceled the mittimus hearing, and recalled the arrest warrant previously issued, but it again assessed court costs to Berge. Berge did not appeal or challenge the costs assessed in this order.

Almost two years later, on February 9, 2017, after receiving letters from the Dickinson County Attorney's office attempting collection, Berge wrote a letter to the court questioning why he was being required to pay so much. On April 20, the court held a hearing on Berge's complaint about court costs. At the hearing, Berge testified and the parties agreed that the court would take judicial notice of all of the court files involved in the court cost issue. On June 30, the district court filed its order denying Berge's challenge to the court costs he had been ordered to pay.[4] On July 10, Berge filed a notice of appeal. By order, the supreme court deemed the notice of appeal to be an application for discretionary review, which it granted on September 25, 2017. The supreme court then transferred the case to us.

II.     Discussion.

A. Whether the district court erred in denying Berge's challenge to the imposition of court costs against him when those charges were dismissed.

Berge's specific challenge is to the costs taxed to him in the criminal cases that were dismissed.[5]   "To the extent we are required to engage in statutory

---

[4] The order lists the following court case numbers as involved in Berge's challenge: case Nos. FECR016893, SMSM062381, SMSM065539, SMSM056112, and NT006855.
[5] Since Berge was convicted in NT006855, the associated fines, surcharges, and costs assessed are not at issue on this appeal.

construction, our review is for correction of errors at law." *State v. Dudley*, 766

N.W.2d 606, 612 (Iowa 2009) (citing *State v. Sluyter,* 763 N.W.2d 575, 579 (Iowa

2009)). Under Iowa statutes and as discussed in case law, Berge should not have

been taxed court costs in the criminal cases that were dismissed.

> "Criminal restitution is a creature of statute." A defendant is responsible for court costs associated with the particular charge to which he pleads or is found guilty. Additionally, Iowa Code section 910.1(4) identifies court costs as a form of restitution. However, restitution, as defined in section 910.1(4), only applies to "criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered." Similarly, section 815.13 authorizes the collection of costs of a criminal prosecution from a defendant "unless the defendant is found not guilty or the action is dismissed."

*State v. Jenkins*, No. 15-0589, 2015 WL 8367810 *6 (Iowa Ct. App. Dec. 9, 2015)

(citations omitted). The record is clear that Berge did not consent to the imposition

of costs in the dismissed cases.

Even though the orders improperly taxed court costs to Berge in dismissed

cases the question is whether those orders are viable and enforceable. A

defendant is required to comply with a district court order, even if the order is

erroneous, if the district court had jurisdiction over the parties. *Allen v. Iowa Dist.*

*Court for Polk Cty.*, 582 N.W.2d 506, 508-09 (Iowa 1998).

> As a general rule, a party cannot attack the validity of a court order which is the basis for the contempt charge on appeal from the judgment of contempt. The party must challenge the order by direct appeal. This court has held that an erroneous, irregular, or improvident order furnishes no grounds for a person to disobey its terms. "If there is jurisdiction of the parties and legal authority to make an order, the order must be obeyed however erroneous or improvident." A person, however, cannot be punished for the violation of a void order. An order is void if it is entered by a court lacking subject matter jurisdiction.

*Id.* (citations omitted). Here, Berge does not claim the court was without subject matter jurisdiction. These were criminal cases filed in the proper court. Certainly, since the judge had jurisdiction to enter the orders that dismissed the charges, those orders, which also imposed the court costs, are not void; they are only subject to challenge as error.

To challenge an order as erroneous, a defendant may file a motion to reconsider in the district court. *See State v. Swift*, No. 15-1229, 2016 WL 3275606, at *1 (Iowa Ct. App. June 15, 2016) (recognizing the defendant had filed a motion to reconsider his court costs under Iowa Rule of Civil Procedure 1.904(2) when his criminal charges were dismissed). A defendant may also challenge the order's validity on direct appeal. *See Hargis v. Fleck*, 157 N.W.2d 103, 107-08 (Iowa 1968) (stating the proper place to challenge the validity of an order is direct appeal, not in the contempt proceeding initiated for violating the order). A defendant may appeal a district court order through discretionary review if he or she does not have the right of appeal. Iowa Code § 814.6 (2017). The defendant has thirty days after the filing of the final order to file a notice of appeal. Iowa R. App. P. 6.101(1)(b).

Berge did not procedurally and timely appeal or challenge the orders that improperly imposed the court costs, thus those orders remain viable, in force, and enforceable. The trial court did not err in so holding.

B. Whether the district court erred in allowing enforcement by contempt of payment of court costs erroneously ordered.

In his appeal, Berge also asks us to look at the contempt proceedings that took place in 2010. The State contends this issue was not preserved for appeal. We agree with the State.

As set out above, in 2010, the State filed an application for contempt against Berge for his failure to pay. At the contempt hearing, Berge stipulated to the amount of the costs being sought and consented to the entry of the order holding him in contempt. He did not challenge the amount of fines and court costs he had been ordered to pay. Based on Berge's consent, the court found him in contempt of court, sentenced him to seven days in jail, and withheld mittimus conditioned on making monthly payments. Berge signed off on the contempt order agreeing to it and did not appeal.

At the hearing from which this discretionary review flows, Berge claimed that he agreed to and signed the contempt order not because he owed the costs, but to keep from going to jail. He now makes this claim of duress or coercion seven years after the contempt order was entered.

We agree with Berge that a defendant's failure to pay a costs judgment is not to be enforced or punished by a contempt proceeding. See *Sluyter*, 763 N.W.2d at 581 (ruling that if fees and costs are not paid, the court is required to enter a judgment against the person for any unpaid amounts); *see also* Iowa Code § 815.9(7). Berge could have challenged the contempt action and raised his duress or coercion claim, but he did not timely appeal that proceeding or the entry of the contempt order. As we set out in division A above, as long as the court had subject matter jurisdiction, which Berge does not contest, neither the orders imposing the costs nor the contempt order are void. Whether the contempt order should continue to be enforced in the future is not now before us.

Although the court referenced the contempt proceeding in the factual history of its order, it specifically identified the issue it was addressing in its ruling: "The

issue presented to the court is whether or not the court costs assessed to Beau Tremaine Berge in the above-captioned matters are owed to the State of Iowa." The court did not rule on the propriety of the contempt proceedings. That issue was not preserved and is not now properly before this court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

> C. Whether Berge has been denied substantial justice by the taxation of costs and enforcement by contempt.

Under this appeal point, Berge suggests that based upon a legal concept called "substantial justice," we somehow have the authority in this discretionary review to wipe out the court costs that were improperly taxed and then improperly enforced through contempt proceedings. He argues: "Justice would best be served by setting aside the costs assessed in this case." Although Berge's argument at first blush may appear to have some magnetism and we may sympathize with his predicament, as shown by the discussion in divisions A and B above, where Berge failed to timely challenge or appeal the orders improperly imposing costs on dismissed charges, consented to the contempt findings and order, and failed to timely challenge or appeal that order, the law does not come down in his favor or provide him relief.

Berge further argues that "[d]iscretionary review may be granted when 'substantial justice' has not been accorded the applicant," citing Iowa Rule of Appellate Procedure 6.106(2). This rule of appellate procedure only sets forth one

of the standards for granting discretionary review; it does not provide a substantive legal standard for setting aside orders.

Our review reveals to us four areas where the concept of substantial justice arises. The first is when the court considers personal jurisdiction over a nonresident defendant and whether it comports with due process fair play and substantial justice. *See Sioux Pharm, Inc. v. Summit Nutritionals Int'l, Inc.*, 859 N.W.2d 182, 188-89 (Iowa 2015). The second is when the court rules on a motion for new trial under Iowa Rule of Civil Procedure 1.1004, which allows the granting of a new trial when the verdict did not effect substantial justice. *See Crow v. Simpson*, 871 N.W.2d 98, 108 (Iowa 2015) (recognizing that while failure to administer substantial justice is not explicitly listed as a ground for new trial under rule 1.1004, "the court may grant a new trial on grounds other than those" contained in the rule); *Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.*, 512 N.W.2d 541, 543 (Iowa 1994) (noting that Iowa has "long recognized the trial court's inherent power to grant a new trial where the verdict fails to administer substantial justice"). A third is Iowa Rule of Civil Procedure 1.911(1), which provides: "A continuance may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained." Finally, a mandamus action includes a substantial justice standard. *See Headid v. Rodman*, 179 N.W.2d 767, 770 (Iowa 1970) ("When a writ of mandamus is asked, the court may inquire whether it will operate impartially, create confusion and disorder, and whether it will or will not promote substantial justice." (citation omitted)). None of these are pertinent here and do not support Berge's claim of a denial of substantial justice.

Berge does not provide us any substantive legal authority to support that he is entitled to relief based upon the concept of substantial justice. Finally, even if there was a legal basis for his substantial-justice claim, Berge was obligated to raise it before the trial court to preserve error for appellate review. Since he did not, it is not preserved for our review. *See Meier*, 641 N.W.2d at 537.

III.     Conclusion.

For the reasons discussed, we find the district court did not err in its ruling regarding the orders imposing court costs against Berge.

**AFFIRMED.**