Lloyd I. STITH, Appellant,

v.

CIVIL SERVICE COMMISSION OF the CITY OF DES MOINES, Iowa, Wilton M. Seymour, Chairman and Member of the aforesaid Civil Service Commission; Richard L. Hankinson, as a Member of the aforesaid Civil Service Commission; M. B. Cunningham, as a Member of the aforesaid Civil Service Commission, Appellees.

No. 52944.

Supreme Court of Iowa.

June 11, 1968.

Gill & Huscher, by Gary S. Gill, Des Moines, for appellant.

Philip T. Riley and Gary H. Swanson, Des Moines, for appellees.

SNELL, Justice.

The immediate problem before us is one of procedure and the limitations on relief by mandamus. In the background and the original cause of dispute are two separate chapters in our Code. Section 97B.45 the retirement provision under the Iowa Public Employees' Retirement System, commonly called I.P.E.R.S., provides for mandatory retirement at age 70 except under conditions not appearing here. Chapter 365 relates to Civil Service employees in cities and towns.

The facts condensed from the several pleadings and motions do not disclose any material factual dispute.

Plaintiff was an employee of the City of Des Moines in a civil service position and also under I.P.E.R.S.

Defendant is the Civil Service Commission of the City and the members thereof.

On or about April 1, 1967 plaintiff was removed and discharged from his position. Pursuant to section 365.21, Code of Iowa, he appealed to the Civil Service Commission. No specification of charges and grounds for discharge were filed as provided in section 365.22.

The City filed a motion to dismiss alleging the removal of appellant was pursuant to sections 97B.45 and 97B.46, Code of Iowa, and that the Civil Service laws had not been violated.

The Commission, after a hearing, found that by stipulation of the parties plaintiff was born November 28, 1895 and as of the date of hearing was 71 years of age. By stipulation the commission further found that plaintiff was under the I.P.E.R.S. system and was until the termination of his employment a member thereof.

The commission then found that the termination of employment was under the provisions of sections 97B.45 and 97B.46 of the Code and not under the Civil Service provisions prohibiting discharge other than for cause. Termination of employment was based solely on the provisions of the statute providing for mandatory retirement because of age. The commission found that under the evidence and facts the commission had no jurisdiction to entertain the appeal. Plaintiff's appeal was dismissed. Plaintiff also filed with the commission a motion to reinstate him in his civil service position.

Plaintiff brought action in mandamus in district court to command defendants to take all appropriate steps to take jurisdiction, reinstate plaintiff in his civil service position and determine the amount of compensation that may be due him.

In district court defendant moved to dismiss on several grounds. The motion was sustained on the ground "That plaintiff has plain, speedy and adequate remedy in the ordinary course of law by a writ of certiorari." The case was dismissed and plaintiff appealed to us.

The authority of the legislature to provide for mandatory retirement because of age is not challenged. The wisdom of mandatory retirement based on age alone is not within the scope of our review. The sole question here is whether plaintiff's complaint and alleged grievance may be reviewed in mandamus.

I. Section 97B.45 has been repealed and a substitute enacted. Section 97B.46, Code of Iowa, 1966, has been amended by the 62nd General Assembly, but the changes are not material here. Section 97B.45 authorizes retirement at age 65 and makes retirement mandatory at age 70. Section 97B.46 permits continued employment after age 70 at the request of the employer.

Section 365.19 (the civil service law) provides for suspension, demotion or removal for cause.

Section 365.20 provides for appeal to the civil service commission. Section 365.21 provides for notice.

Section 365.22 provides:

"Charges. Within five days from the service of such notice of appeal, the person or body making the ruling appealed from shall file with the body to which the appeal is taken a written specification of the charges and grounds upon which the ruling was based. If such charges are not so filed the person suspended or discharged may present the matter to the body to whom the appeal is to be taken by affidavit, setting forth the facts, and such body shall forthwith enter an order reinstating the person suspended or discharged for want of prosecution."

This statute following in sequence as it does the prior statutes provide for full disclosure of the reason or reasons for suspension, demotion or removal. Statutes immediately following provide for hearing and determination.

In the case at bar there have been no charges of "neglect of duty, disobedience of orders, misconduct or failure to properly perform his duties," referred to in section 365.19. No specification of charges as required by section 365.22 has been filed.

There has, however, been a hearing by the commission. The commission determined that the termination of employment occurred solely because of plaintiff's age and that it had no jurisdiction to proceed under chapter 365 of the Code.

■ As noted, supra, plaintiff sought a mandate requiring the commission to proceed under chapter 365, hold hearings, reinstate and order plaintiff paid. This goes beyond the scope of mandamus and calls for an answer to a legal question not determinable in mandamus. The trial court so held and we agree.

II. Section 661.1 of our Code provides:

"Definition. The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station."

Section 661.3 provides:

"Nature of action. All such actions shall be tried as equitable actions."

■ An action tried as an equitable action is reviewable de novo. Rule 334, Rules of Civil Procedure. Chicago, Burlington & Quincy Railroad Company v. Iowa State Tax Commission, 259 Iowa 178, 142 N.W.2d 407, 408.

Section 661.7 provides:

"Other plain, speedy and adequate remedy. An order of mandamus shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law, save as herein provided."

■ The purpose of a writ of mandamus is to require action to enforce an established right and to enforce a corresponding duty imposed by law. 55 C.J.S. Mandamus § 51, Pierce v. Green, 229 Iowa 22, 39, 294 N.W. 237.

"Since, * * * the purpose of a writ of mandamus is not to establish a legal right but to enforce one which has already been established, it is essential to the issuance of the writ that the legal right of plaintiff or the relator to the performance of the particular act of which performance is sought to be compelled must be clear, specific, and complete * * *." 55 C.J.S. Mandamus § 53a.

■ Mandamus can compel an inferior tribunal to act but cannot control its discretion. Section 661.2, Code of Iowa, Hougen v. George, 254 Iowa 1055, 1057, 120 N.W.2d 497.

■ In the case before us there has been no determination of an established right under chapter 365 of the Code. The commission held that plaintiff's retirement was pursuant to the mandatory requirements of chapter 97B and not for cause under

chapter 365. If that is correct the Iowa Employment Security Commission and not the Civil Service Commission is the administrative and hearing body (section 97B.3, Code of Iowa, and sections 97B.19 and 97B.20) and appeal is to the district court. Section 97B.21.

■ If the commission acted illegally in denying its jurisdiction plaintiff's remedy was by certiorari and not mandamus. Certiorari offered "a plain, speedy and adequate remedy in the ordinary course of the law."

■ III. For the purpose of review in a case such as this certiorari is by ordinary proceedings. Rule 317, Rules of Civil Procedure. A writ of certiorari may issue when an inferior tribunal has acted illegally. Rule 306, Rules of Civil Procedure. Certiorari may be used to require acts mandatory by statute. Dempsey v. Alber, 212 Iowa 1134, 1136, 236 N.W. 86 and State v. Gaffney, 237 Iowa 1399, 1403, 25 N.W.2d 352.

Mandamus may not control the discretionary power vested in an inferior tribunal. Section 661.2, Code of Iowa.

■ Here the question was strictly one of law determinable in certiorari. The trial court was right. Mandamus was not the proper remedy.

IV. The answer just stated to the immediate problem does not reach the background issue. It is not before us. We think, however, there should be a determination of the question whether a civil service employee 70 years of age and subject to retirement under I.P.E.R.S. can only be removed from employment under the procedure outlined in chapter 365 of the Code. That question was not determined in the trial court.

Rule 107, Rules of Civil Procedure, provides:

"Special action—proper remedy awarded. In any case of mandamus, certiorari, appeal to the district court, or for specific equitable relief, where the facts pleaded and proved do not entitle the petitioner to the specific remedy asked, but do show him entitled to another remedy, the court shall permit him on such terms, if any, as it may prescribe, to amend by asking for such latter remedy, which may be awarded."

Under this rule we think plaintiff should be permitted to amend and the case should be remanded to the district court with directions to proceed with determination of the unanswered question.

It is so ordered.

The case is affirmed except as to the final dismissal of plaintiff's action and remanded for further hearing in accord herewith.

Affirmed in part and remanded for further hearing.

All Justices concur, except MOORE, J., who takes no part.