**Margaret REED et al., Appellants,**

**v.**

**Larry GAYLORD, Justice of the Peace in Ross Township in Fremont County, Iowa, Appellee.**

No. 55955.

Supreme Court of Iowa.

March 27, 1974.

Genung & Rogers, Glenwood, for appellants.

Edgar E. Cook, Glenwood, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

MASON, Justice.

This is an appeal by plaintiffs, Margaret Reed, her husband Kenneth Reed, and Kenny Lee Reed, from the district court's ruling dismissing their petition for mandamus and quashing of writ of certiorari. Defendant, Larry Gaylord, at the time material was a justice of the peace for Ross Township in Fremont County.

Before discussing the issues presented for review it is necessary for a proper understanding of the questions presented that some details showing the factual background giving rise to the present lawsuit be set out.

January 24, 1968, Charles W. Davies entered into a written contract for the sale of certain real estate consisting of a residence and farm land in Fremont County to Margaret Reed and Kenny Lee Reed for the sum of $4500 payable in monthly installments of $75.

After the vendees defaulted in the payments due December 15, 1970, January 15, 1971, and February 15, Davies caused a notice of forfeiture of real estate contract to be served on them March 10, 1971. Section 656.2, The Code. The notice of forfeiture of real estate contract with proofs of service attached was recorded in the records of the recorder's office in Fremont County. Section 656.5, The Code. When the vendees did not vacate the premises Davies caused a three-day notice to quit addressed to Kenny Lee Reed and Margaret Reed to be served April 29.

May 12 Davies filed a petition in the justice of the peace court of Larry Gaylord naming Margaret Reed, Kenneth Reed and Kenny Lee Reed as defendants. Da-

vies asked for judgment removing the named defendants from the premises and for judgment putting him in possession thereof.

The justice of the peace issued original notices addressed to all defendants setting the hearing for May 26, 1971, at 2 p. m. Reeds filed answer and a demand for jury trial on the appearance date.

In division I Margaret Reed and Kenny Lee Reed for separate answer admitted existence of the contract, the default and service of notice of forfeiture but alleged facts relied on to estop Davies from working a forfeiture of their rights under the contract. Margaret and Kenny Lee claimed right to immediate possession of the real estate involved.

Division II was the separate answer of Kenneth Reed. He realleged all paragraphs of the separate answer of the other two Reeds by reference and alleged he was the lessee of the real estate involved under an oral lease with Margaret and Kenny Lee. Kenneth alleged he had sublet the premises except the dwelling house thereon to Ray Powers who had entered into and taken possession of the crop land before March 1 and who was in possession thereof on March 10, but had not been served with notice of forfeiture. Kenneth asked that Davies' petition be dismissed.

In division III Reeds all joined in alleging Davies' action was one in ejectment under chapter 646, The Code, and prayed that the petition be dismissed because of Davies' failure to attach an abstract of title to his petition or, in the alternative, that he be required to amend by attaching such abstract before they were required to proceed further in the matter.

In the remaining divisions Reeds alleged Gaylord, before whom the proceedings were pending, was required under the provisions of section 601.37, The Code, 1971, without proceeding further, to certify the case and papers with the transcript of the docket showing the reason for such trans-

fer to the district court for trial of the matter on the merits.

On the appearance date and hour a hearing consisting of a discussion between counsel and Gaylord whether it was mandatory that the cause be removed to the district court and whether the action was for ejectment or forcible entry and detention was had. The justice of the peace announced he would take the matter under advisement for the purpose of studying the issues raised by that division and would make an appropriate ruling at a future date. Reeds contend there was no trial, no witnesses sworn nor evidence offered.

About June 5 Reeds' counsel received in the mail from Gaylord a "Judgment and Decree." It stated: (1) The action was for forcible entry and detention pursuant to chapter 648, The Code. (2) The matter of title would not be in issue. (3) "Defendants offered no evidence whatever in support of their answer and request for jury trial was denied and request for transfer to District Court is hereby denied and there having been no evidence, the court decides this matter on the papers filed herein and finds that the contract referred to has been forfeited and cancelled in a legal and proper manner * * *." (4) It was then ordered that Davies was entitled to the real estate and therefore the Reeds should be evicted and the vendor restored to possession.

June 14, 1971, Reeds instituted an action in the Fremont district court. In division I of their petition the facts of Davies' action which had culminated in Gaylord's judgment and decree were set out. It was alleged Gaylord had refused to treat the proceedings instituted by Davies as being an action for ejectment pursuant to chapter 646, The Code. Plaintiffs sought a writ of mandamus commanding Gaylord to vacate his actions in denying Reeds a jury trial and directing him to transfer the cause to the district court.

In the other division Reeds sought a writ of certiorari and a determination after

hearing thereon that Gaylord's acts of continuing to exercise jurisdiction over the proceedings after Reeds had filed their verified answer placing title in issue be annulled and decreed void. In the alternative, plaintiffs asked that Gaylord's acts in purporting to render a decree and judgment without granting Reeds' demand for jury trial be annulled and decreed void.

The writ was issued and the execution on the property was stayed by Judge Martin. The writ required defendant to return a transcript of the record and proceedings of the action between Davies and Reeds. Writ and transcript were returned by Gaylord June 18, 1971. Judge Johnson found that Davies' action was for forcible entry and detention and not ejectment. He found Gaylord correct in holding title not in issue and refusing to grant transfer of the cause to district court. The request for mandamus was held improper because plaintiffs' proper remedy was appeal alleging error.

The court quashed the writ of certiorari after finding that no factual issue was presented for the consideration of a jury, the matter was moot, and was waived by the Reeds when they elected to present only divisions III and IV of their answer in the justice of the peace court. Thus, Gaylord did not exceed his jurisdiction and did not act illegally. Finally, the court stated even if a fact issue had been generated there is no general right to a jury trial in special or other proceedings such as an action for forcible entry or detention.

Reeds contend the district court erred: (1) in dismissing the writ of mandamus and (2) if mandamus was properly denied, then in the alternative, in quashing the writ of certiorari.

As noted in divisions I and II of the answer filed in justice court, Reeds had stated facts allegedly constituting an estoppel to declare a forfeiture of the land contract. In division III they asserted the petition was an action for ejectment and in division IV they sought transfer of the action to the district court. However, both in justice court and district court the only argument concerned divisions III and IV. Note this statement by the district court, "Only Divisions III and IV were presented by the defendants [Reeds] at the hearing. This is conceded by the defendants even though in their petition for the writ of mandamus and certiorari the defendants state that only division IV was presented below." The contentions asserted relating to estoppel were not urged on Reeds' appeal to the district court. Nor are they a basis for reversal under either assignment argued in this court under our view.

I. Reeds' first contention is that district court erred in dismissing the writ of mandamus.

Section 661.1, The Code, defines mandamus: "The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station."

█ There are several well-established statutory or judicial principles governing mandamus. Mandamus can compel an inferior tribunal to act but cannot control its discretion. Section 661.2, The Code; Stith v. Civil Service Com'n of Des Moines, 159 N.W.2d 806, 808 (Iowa 1968). If there is a plain, speedy and adequate remedy in the ordinary course of the law mandamus does not lie. Section 661.7. Mandamus will not lie where certiorari is available, because certiorari offers a plain, speedy and adequate remedy in the ordinary course of the law. Stith v. Civil Service Com'n of Des Moines, 159 N.W.2d at 809; Riley v. City of Des Moines, 203 Iowa 1240, 1244, 212 N.W. 716, 718; Sullivan v. Robbins, 109 Iowa 235, 238–239, 80 N.W. 340, 341. Where there is right to appeal or to take writ of error such is a plain, speedy or adequate remedy in the ordinary course of the law and therefore

mandamus is improper. Pierce v. Green, 229 Iowa 22, 45, 294 N.W. 237, 251; 55 C. J.S. Mandamus § 22; 52 Am.Jur.2d, Mandamus, section 9.

■ Since mandamus is a summary and extraordinary writ it will not be issued in doubtful cases but only where the rights and duties are clear and there is no other speedy and adequate remedy in the ordinary course of the law. Headid v. Rodman, 179 N.W.2d 767, 770–771 (Iowa 1970).

Reeds had alleged as a basis for issuance of the writ of mandamus Gaylord had refused to treat the proceedings instituted by Davies in the justice of the peace court as being an action for ejectment pursuant to chapter 646, The Code.

In the same division Reeds had also alleged the justice had refused to certify the cause and papers to the district court without proceeding further as required by the terms of what was then section 601.37, The Code, 1971. The cited section required that when title to real property was put in issue by certified pleadings or such facts manifestly appear from the proof on trial of the issues the justice shall, without further proceedings, certify the cause and papers with the transcript of his docket showing the reason of such transfer to the district court, where the same shall be tried on the merits.

This section which was included at the time in chapter 601 dealing with justices of the peace has since been repealed.

In a later paragraph Reeds alleged that if the proceedings instituted by Davies in Gaylord's court was in fact a proceeding pursuant to chapter 648 (forcible entry and detention) and they are prohibited from placing title in issue and section 601.37 is inapplicable, then they, by demanding a jury trial before issues were joined, were entitled to a trial by jury as a matter of right and Gaylord had no discretion to deny such demand. They allege there-fore Gaylord's refusal to accord them a jury trial violates a mandatory duty laid on Gaylord as provided in section 601.39 and section 648.5.

In connection with the relief demanded by Reeds based upon alternative allegations as evidenced by the foregoing summary of division I of their petition the trial court concluded Reeds were asking the court to declare what law was applicable prior to deciding what remedy it should grant, that is ejectment or forcible entry and detention, and this was not the office of the right of mandamus, citing section 661.7, The Code, which provides:

"Other plain, speedy, and adequate remedy. An order of mandamus shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law, save as herein provided."

■ Forcible entry or detention will lie to determine the fact of possession of real estate after forfeiture of a contract to purchase. Putman v. McClain, 198 Iowa 287, 199 N.W. 261; Cassiday v. Adamson, 208 Iowa 417, 224 N.W. 508, and Spangler v. Misner, 238 Iowa 600, 607–608, 28 N.W.2d 5, 8–9.

■ The trial court was correct in determining the action brought by Davies in Gaylord's court was one for forcible entry and detention under chapter 648, The Code, and not one for ejectment.

At the time material here the justice of the peace within the township where the subject matter of the action was situated had concurrent jurisdiction over this type of action. Section 648.5, The Code, 1971. This section has now been amended by the First Session, Sixty-fifth General Assembly, chapter 282, section 71.

Gaylord did not err in refusing to transfer the case to the district court on this ground nor did he err in continuing to exercise jurisdiction over it.

Title was not put in issue in Gaylord's court. Section 648.13 provided at the time:

"Title in issue. The question of title can only be investigated in the district court, and can be pleaded in a municipal court or a justice's court only as provided in subsection 4 of section 648.1."

The subsection referred to in the foregoing quote is in this language:

"4. Where the defendant continues in possession after a sale by foreclosure of a mortgage, or on execution, unless he claims by a title paramount to the lien by virtue of which the sale was made, or by title derived from the purchaser at the sale; in either of which cases such title shall be clearly and concisely set forth in the defendant's pleading."

The present case does not come within the category set forth in the above subsection.

Davies had alleged in paragraph 3 of his petition seeking removal of Reeds from the real estate involved that he was the owner of the premises. This allegation was admitted by Reeds' failure to deny the same. No issue as to title was tendered.

The only other reference in the pleadings in Gaylord's court that could possibly be interpreted as putting title in issue is Reeds' statement in division IV of their answer which is summarized earlier in this opinion. There they had alleged Gaylord was required under the provisions of section 601.37 to transfer the cause to the district court for trial on the merits. This was not effective to put title to the premises in issue under this record.

The trial court was correct in determining title was not in issue.

Reeds' contentions urged in this assignment are without merit.

II. Reeds also present for review the district court's ruling quashing the writ of certiorari.

Rule 306, Rules of Civil Procedure, states: "When writ may issue. A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his, proper jurisdiction or otherwise acted illegally."

Two rules stand out in regard to certiorari. (1) It is not an appeal and is not issued to correct mere errors on the part of the inferior tribunal. Board of Education v. State Bd. Pub. Instr., 261 Iowa 1203, 1206, 157 N.W.2d 919, 921; Zwingle Ind. Sch. Dist. v. State Board of Public Instr., 160 N.W.2d 299, 301 (Iowa 1968), and Eden Township Sch. Dist. v. Carroll County Bd. of Ed., 181 N.W.2d 158, 166 (Iowa 1970). (2) A writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy, "but the relief * * * shall be strictly limited to questions of jurisdiction or illegality of the acts complained of * * *." Rule 308, R.C.P.

Earlier in this opinion we summarized the facts alleged by Reeds in the two divisions of their petition filed in the Fremont district court June 14, 1971. As noted there, Reeds based their request for issuance of a writ of certiorari on the alleged fact Gaylord in the exercise of judicial functions did exceed his jurisdiction and acted illegally by continuing to exercise jurisdiction over the proceedings after Reeds had filed their verified answer placing title in issue. In the alternative, they alleged Gaylord had acted illegally and exceeded his jurisdiction by refusing to grant a jury trial of all issues in the proceedings after timely demand for same.

In division I it has already been determined the action brought by Davies was one for forcible entry and detention and not ejectment and that title was not in issue. The trial court correctly held Gaylord had not exceeded his jurisdiction.

There remains for consideration Reeds' contention the court acted illegally in denying them a jury trial.

There is an illegality within the meaning of the rule when there is not substantial evidence to support the findings on which the inferior court or tribunal based its conclusions of law. Sueppel v. Eads, 261 Iowa 923, 926, 156 N.W.2d 115, 116, states the principle this way: "In that same vein, if there is no substantial evidence to support findings upon which a lower tribunal arrives at a challenged conclusion of law, it acts illegally. * * * [citing authorities]."

Wonder Life Company v. Liddy, 207 N. W.2d 27, 30–31 (Iowa 1973), has this statement: " * * * The scope of our inquiry is limited and we may not set aside findings of fact if they have support in the evidence, but may only determine whether there is substantial evidence in the record to support such findings and whether the trial court applied a proper rule of law. * * * [citing authorities]."

In written argument Reeds frankly admit it makes no difference to them whether this appeal results in issuance of mandamus or of writ of certiorari to nullify the judgment and decree by Gaylord and all proceedings thereafter in his court. They urge that the · important consideration is their right to a jury trial in the justice court.

The trial court concluded that no factual issue was presented for the consideration of a jury and the matter of granting a jury trial was not only moot but also had been waived by Reeds when they elected to present only divisions III and IV of their answer to the justice of the peace court. This conclusion is based on the court's finding, as stated, Reeds had conceded, even though alleging otherwise in their petition for writ of mandamus and certiorari, only divisions III and IV were presented

at the hearing before Gaylord. Reeds do not challenge the basis of the court's conclusion in this respect at any point in argument before this court. They completely failed to press the estoppel issue in Gaylord's court but rather argued Davies' petition was for ejectment and not forcible entry or detention in an attempt to insure transfer of the action to the district court since ejectment actions cannot be brought in justice court. Chapter 646, The Code.

In seeking a writ of mandamus and a writ of certiorari in the district court Reeds did not specifically allege a theory of estoppel as a basis for issuance of either writ. The main thrust of their pleading in each division was their contention Gaylord had refused to treat the Davies action as one for ejectment and had refused to transfer the cause to the district court after they had placed title in issue.

In face of a specific finding by the trial court that no factual issue had been presented in Gaylord's court for the consideration of a jury, Reeds' argument on appeal fails to disclose, even inferentially, the specific issues they insist required submission to a jury.

Before it can be said that the justice of the peace acted illegally in denying a party a jury trial there must be an issue for jury consideration.

Missildine v. Brightman, 234 Iowa 1339, 14 N.W.2d 700, which Reeds heavily rely on, does not help them under this record. There were at least two factual issues presented for jury consideration in *Missildine*. Such is not the factual situation in the present case.

If it is Reeds' position that facts alleged in their verified answer in divisions I and II constituted an estoppel preventing Davies from declaring a forfeiture it cannot be raised for the first time in this court.

Gaylord did not act illegally. The trial court was correct in annulling the writ of certiorari issued at the time of the filing of Reeds' petition.

The case is therefore

Affirmed.