Francis L. SPECKETER,
Plaintiff-Appellee,

v.

CITY OF BURLINGTON, FIRE
RETIREMENT BOARD,
Defendant-Appellant,

J. M. Rasche; C. O. Garretson; R. J. Pratt; R. Yeager; K. L. Reusch; M. S. Darnall; M. F. Zaiser, Members of the Fire Retirement Board, Defendants.

No. 2–65545.

Court of Appeals of Iowa.

April 27, 1982.

Daniel E. Cahill of Cahill & Millen, and Alan N. Waples of Wittkamp & Waples, Burlington, for defendant-appellant.

Robert J. Todd and Edward E. Dailey of Edward W. Dailey Law Offices, P. C., Burlington, for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Defendant city appeals from an order of the trial court denying its motion to set aside a default judgment entered against it in plaintiff's suit to gain past and future pension benefits. We affirm.

Our scope of review is limited to correction of errors at law. Iowa R.App.P.4.

## I.

On January 9, 1978, plaintiff filed a petition alleging that defendants wrongfully discontinued his disability benefits in 1954. Plaintiff requested back payments from 1954 to 1978 and an injunction ordering defendants to pay the pension. The defendants were the City of Burlington, Fire Retirement Board, and the individual members of the Fire Retirement Board.

The individually named defendants filed a motion to dismiss on August 24, 1978, but the defendant Fire Retirement Board did not respond to the plaintiff's petition by either a motion or an answer. On June 1, 1979, the trial court granted a motion for default against the City of Burlington and the Fire Retirement Board. After a hearing to determine the amount of damages, judgment for $30,591 was entered against the City of Burlington and the Fire Retirement Board, jointly and severally. This judgment was appealed by all the defendants to the Iowa Supreme Court. The appeal was dismissed because an appealable judgment did not exist.[1] Following the dismissal of their appeal, defendants asked the trial court to rule on the motion to dismiss which was filed by the individual defendants on August 24, 1978, but never was ruled upon. On April 7, 1980, defendants filed an amendment to the motion to dismiss raising additional grounds and also filed a motion to set aside default. The amendment appears to be an attempt to add the city and the Fire Retirement Board as movants to the motion filed by the individual defendants over a year and one half earlier.

On April 10, 1980, plaintiff amended his petition to dismiss the remaining claims of his petition. No notice of appeal was filed within thirty days following this dismissal.

The trial court subsequently denied defendants' amended motion to dismiss and the motion to set aside default. The court held that it had subject matter jurisdiction of cases of this sort, despite defendant's claim that the case should have been brought by way of certiorari, and that the time for filing the motion to set aside default did not commence with the supreme court's dismissal of the first appeal. The trial court's ruling on defendants' certiorari issue was an implicit rejection of defendant's claim that its motion to set aside was timely because the trial court lacked jurisdiction when such a claim is brought as an ordinary action. The trial court also rejected defendant's claim that the failure to rule on the individual defendants' motion to dismiss before considering the default judgment was grounds for setting aside default. The trial court noted that the motion to dismiss was not filed by the defendant against whom default was entered. The trial court further held that even assuming the motion to set aside was timely, the defendant had not produced facts entitling it to have the judgment set aside.

## II.

■ The defendant asserts that its motion to set aside default was not untimely because the trial court was without subject matter jurisdiction to enter a default when the plaintiff failed to bring his case by filing a petition for writ of certiorari. We do not agree that the trial court lacked subject matter jurisdiction to enter default merely because plaintiff failed to request the proper remedy. The fact that plaintiff incorrectly labeled his pleading did not prevent the court from having subject matter jurisdiction. See Iowa R.Civ.P. 107; *Stafford v. Valley Community School District,*

---

1. At the time of the first appeal, no judgment of any kind had been entered against the individual defendants who had joined the appeal.

298 N.W.2d 307 (Iowa 1980). Furthermore, defendant failed to raise any other jurisdictional issue. However, we find that defendant's motion to set aside the default was timely because it was filed within sixty days of the supreme court's order dismissing the first appeal for lack of an appealable judgment.

### III.

Defendant asserts that the trial court erred by overruling defendant's motion to set aside the default judgment. We disagree. Under Iowa R.Civ.P. 236, a default may be set aside "for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." A trial court has broad discretion in ruling on a motion to set aside a default judgment and will only be reversed on appeal if this discretion is abused. *Paige v. City of Chariton*, 252 N.W.2d 433, 437 (Iowa 1977). While it is true that plaintiff was attempting to negotiate a favorable settlement, the numerous letters sent by plaintiff's attorney to defendant's attorney made it perfectly clear that if defendant did not answer, a default would be requested. Plaintiff waited fifteen months after filing his petition to request a default and only filed for default when defendant failed to answer despite repeatedly being urged to answer. In light of these facts there was clearly no excuse for defendant's failure to file an answer to plaintiff's petition. We find that under these circumstances the trial court did not abuse its discretion in overruling defendant's motion to set aside the default.

### IV.

Defendant's final argument is that the trial court erred by overruling defendant's amended motion to dismiss. In making this allegation, the defendant clearly ignores the procedural history of this case. While it is true that the motion to dismiss was pending when the trial court granted a default judgment against the defendant Fire Retirement Board, it is equally clear that the motion to dismiss was only made by the individual defendants. While this pending motion might bar the entry of default against the individual defendants, it certainly could not affect the rights of a non-moving defendant. We find that the defendant had not right to expect that a pending motion made by the other individual defendants could serve to extend its time to file an answer under our rules of civil procedure.

We affirm the trial court.

AFFIRMED.