Carol WALTHART, Appellant,

v.

**BOARD OF DIRECTORS OF EDGE-WOOD–COLESBURG COMMUNITY SCHOOL DISTRICT, Appellee.**

No. 02–0249.

Supreme Court of Iowa.

June 11, 2003.

Rehearing Denied Aug. 28, 2003.

William R. Unger, Des Moines, for appellant.

Jim D. DeKoster and Beth E. Hansen of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

LARSON, Justice.

Carol Walthart was a teacher in the Edgewood–Colesburg Community School District until she was terminated by the

board of directors of the district under the provisions of Iowa Code sections 279.13–18 (1999). She appealed to an adjudicator under Iowa Code section 279.17 and also brought this separate action in certiorari, claiming her termination was illegal.

The defendant school district moved to dismiss the certiorari petition on the grounds that the board's action was not final, and the statutory appeal to an adjudicator was her sole remedy. The motion to dismiss was denied, but the district court later ruled against the plaintiff on the merits of her certiorari claim. We conclude the board's action was not final, and further, a teacher's appeal to an adjudicator under section 279.17 is the teacher's sole remedy. We therefore affirm.

## I. *Facts and Prior Proceedings.*

In September 2000 students of Edgewood–Colesburg High School (EDCO) gathered in a hayfield on property owned by the plaintiff and her husband. The Waltharts' son, Mark, a senior at EDCO, was there. There is a dispute in the record as to whether the Waltharts knew that alcohol was being consumed at the party. Carol Walthart, the plaintiff, took ignition keys from some of the students' cars to keep them from hitting sinkholes in an adjoining field and to prevent them from going into town and getting into trouble. Four students who had attended the party were killed when their car hit a tree. The driver and two passengers had significant amounts of alcohol in their blood.

Carol Walthart had been a teacher in the EDCO district for eighteen years. On October 13, 2000, the EDCO superintendent gave Walthart written notice that he was recommending her contract with the school district be terminated pursuant to

Iowa Code chapter 279. He gave the following reasons:

Unprofessional conduct in allowing students to use teacher's property for a party where alcohol was illegally used by students, failure to effectively monitor a party on teacher's property wherein student alcohol consumption contributed to the death of several students, failure to protect the safety and welfare of students, inability to be effective as a teacher, poor role model, poor and ineffective leadership.

The plaintiff filed a timely request for a private hearing under Iowa Code sections 129.15 and .16. The school board held a termination hearing on November 3 and 4, 2000. Deliberation continued at a special session on November 13, 2000. At the close of that meeting, a roll call vote was taken in an open session on a motion that the plaintiff's contract be terminated immediately. The motion carried unanimously.

Following the board's vote to terminate her, the plaintiff filed a notice of appeal to an adjudicator, under Iowa Code section 279.17, claiming the termination violated statutory and constitutional provisions; was in excess of the statutory authority of the board; violated board rules, policies, and contracts; was made under unlawful procedures; was affected by errors of law; was unsupported by a preponderance of competent evidence; and was unreasonable, arbitrary, capricious, and an abuse of discretion.

The plaintiff also filed this certiorari action to assert matters she contends could not effectively be raised in a statutory appeal. She contends:

Carol Walthart is without any legal remedy on appeal [under section 279.17]

because the question on appeal is whether the findings of fact and conclusions of law of the school board based on the record made before the school board [were supported], because the adjudicator is not empowered to hear additional evidence and the adjudicator and courts in the Chapter 279 appeal process are not empowered to consider the acts of the school board after the hearing record is closed. Forcing a teacher to base her appeal based on findings of fact that violate the law would result in irreparable harm to Carol Walthart.

We do not address the substantive issues raised in the certiorari case because, for the reasons to be discussed, we conclude the district court did not have jurisdiction to adjudicate them.

The defendant raised subject matter jurisdiction in a motion to dismiss, claiming (1) certiorari was not available because the board's action was not final, and (2) the appeal to an adjudicator under section 279.17 was her exclusive remedy. The district court, through Judge Alan Pearson, denied the motion to dismiss and ordered the issuance of the writ. The board filed its return to the writ. At trial Judge George Stigler ruled that the board had not acted illegally and annulled the writ. In view of this disposition, Judge Stigler ruled it was not necessary to decide the subject matter jurisdiction issue.

## II. *Disposition.*

■ A. *The finality argument.* The board first argues that its decision was not final for the purpose of certiorari. It contends that, reading sections 279.16, .17, and .18 together with regard to appeals to an adjudicator and then to the court, the decision of the board does not become final until ten days after the decision of the adjudicator, if neither party rejects that decision.

The plaintiff does not dispute the need for finality as a condition precedent to certiorari, but she argues that the board's action was final because Iowa Code section 279.16 provides that "[w]ithin five days after the private hearing the board shall, in executive session, meet to make a final decision upon the recommendation and evidence as herein provided." This Code section, however, does not say that the result of the executive session will necessarily be a final decision; it merely provides the board shall meet for that purpose. As the board notes, the third unnumbered paragraph of section 279.17 contemplates that actual finality will occur at a later time. For example,

> [i]f the teacher does not timely request an appeal to an adjudicator the decision, opinion, or conclusion of the board shall become final and binding.

Here, the plaintiff did appeal to an adjudicator, so this provision does not make the board's decision final at that point. The last unnumbered paragraph of section 279.17 provides that

> [t]he decision of the adjudicator shall become the final and binding decision of the board unless either party within ten days [of the adjudicator's decision] notifies the secretary of the board that the [adjudicator's] decision is rejected.

■ Thus, under section 279.17, the action of the board becomes final (1) if a teacher does not appeal to an adjudicator within ten days of the "determination of the board," Iowa Code § 279.17 (first numbered paragraph); or (2) if an adjudicator appeal is taken, the adjudicator's decision is filed, and neither party rejects it within ten days, Iowa Code § 279.17 (final un-

numbered paragraph). None of these conditions existed here; the plaintiff did appeal to an adjudicator, and there was no decision of the adjudicator rejected by either party. (In fact, the record in this case does not show the adjudicator had even acted on it.)

We conclude the board's actions cannot be challenged in certiorari until they become final, and in this case, that had not occurred.

■ B. *Preemption issue.* The board also argues that the appeal to an adjudicator provided in the teacher-termination statute is the plaintiff's sole remedy. In relevant part, Iowa Code section 279.17 provides this with respect to appeals in teacher-termination cases:

> If the teacher is no longer a probationary teacher, the teacher may, within ten days, appeal the determination of the board to an adjudicator by filing a notice of appeal with the secretary of the board. The notice of appeal shall contain a concise statement of the action which is the subject of the appeal, the particular board action appealed from, the grounds on which relief is sought and the relief sought.

Iowa Code § 279.17. This section directs the board to forward the record of its proceedings to the adjudicator and also provides that

> application may be made to the adjudicator for leave to present evidence in addition to that found in the record of the case. If it is shown to the adjudicator that the additional evidence is material and that there were good reasons for failure to present it in the private hearing before the board, the adjudicator may order that the additional evidence be taken before the board upon

conditions determined by the adjudicator. The board may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions, with the adjudicator and mail copies of the new findings or decisions to the teacher.

> The adjudicator may affirm board action or remand to the board for further proceedings. The adjudicator shall reverse, modify, or grant any appropriate relief from the board action if substantial rights of the teacher have been prejudiced because the board action is:

> 1. In violation of a board rule or policy or contract; or

> 2. Unsupported by a preponderance of the competent evidence in the record made before the board when that record is viewed as a whole; or

> 3. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

*Id.* Section 279.17 provides that either side may reject the adjudicator's decision, and section 279.18 provides for review by the district court.

The plaintiff acknowledges that she has a right to a statutory appeal under section 279.17 (and in fact she did appeal), but she claims that remedy is inadequate. She argues that, because the board controls the content of the record of the board's proceeding that is to be forwarded to the adjudicator, a complete picture could not be presented in a statutory appeal. Much of the plaintiff's case is based on events bearing on the board's decision that occurred outside the formal hearing, such as the alleged involvement by the board's attorney in the decision-making process.

We do not believe this is a valid objection to the appeal process under section 279.17 because the statute provides adequate opportunities for Walthart to supplement the board record. However, the key issue is what the legislature intended in enacting section 279.17. Was it to provide an exclusive means of challenging the board's action or was it merely a cumulative remedy as the plaintiff argues? In *Younker Brothers, Inc. v. Zirbel*, 234 Iowa 269, 12 N.W.2d 219 (1943), a property-tax case, we stated the test for determining if certiorari was available to challenge an assessment:

> Since the appellant had a right to protest the action of the Board [of Review] ... in increasing the assessments, and to appeal from the Board's order in refusing to accede to the protest, it was thereby afforded a plain, speedy and adequate remedy. Certiorari is therefore not available to it.

*Id.* at 276, 12 N.W.2d at 223–24; *accord* 14 Am.Jur.2d *Certiorari* § 18, at 640–41 (2000) ("Generally, a writ of certiorari will not issue if there is another adequate remedy, such as an appeal or writ of error, an action at law or in equity...."). Now, however, the scope of certiorari has been expanded by Iowa Rule of Civil Procedure 1.1403 (formerly rule 308), which provides:

> The writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy; but the relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of, unless otherwise specially provided by statute.

■ Now, under rule 1.1403, an available remedy such as an appeal will not necessarily prevent an action in certiorari.

Rather, the question becomes whether a statutory remedy is exclusive or merely cumulative, and that turns on legislative intent. The general rule is that,

> [w]here a statute prescribing a remedy does not create a new right or liability, but merely provides a new remedy for an independent right or liability already existing, the general rule is that the remedy thus given is not regarded as exclusive but as merely cumulative of other existing remedies, and does not take away a preexisting remedy, or, as more specifically stated, if a statute gives a new remedy in the affirmative, and contains no negative, express or implied, of the old remedy, the new remedy is merely cumulative.

1A C.J.S. *Actions* § 14, at 338 (2002).

In *Van Baale v. City of Des Moines*, 550 N.W.2d 153 (Iowa 1996), we ruled that a statutory appeal preempted a suit for damages. Van Baale, a police officer, was discharged by the city. He challenged his discharge before the civil rights commission, where he lost. On judicial review, the district court upheld the discharge, and the court of appeals affirmed. *Van Baale*, 550 N.W.2d at 155. Prior to the court of appeals decision, Van Baale filed a suit for damages against the city, which filed a motion to dismiss. We noted "[c]hapter 400 is silent on whether its remedy is or is not exclusive," but we noted that "silence on the subject renders the matter ambiguous and requires us to proceed under the rules of statutory construction." *Id.* (citing *Goebel v. City of Cedar Rapids*, 267 N.W.2d 388, 392 (Iowa 1978)). In attempting to determine legislative intent on the preemption issue, we said:

> Among the most venerable of the canons of statutory construction is the one stating that a statute should be given a

sensible, practical, workable, and logical construction. According to another rule, when a statute grants a new right and creates a corresponding liability unknown at common law, and at the same time points to a specific method for enforcement of the new right, this method must be pursued exclusively. . . .

We note and approve the following variation of the rule: "Where the legislature has provided a comprehensive scheme for dealing with a specified kind of dispute, the statutory remedy provided is generally exclusive."

*Van Baale,* 550 N.W.2d at 155–56 (quoting 1A C.J.S. *Actions* § 14 n. 55 (1985)). We concluded, with respect to preemption:

Chapter 400 creates a new right to continued employment (subject only to removal for cause) that did not exist at common law where public employment was at-will. Because chapter 400 creates this new right—not merely a new remedy for a preexisting one—we think chapter 400 proceedings must be considered the exclusive means of challenging the arbitrariness of a civil service employee's discharge.

*Van Baale,* 550 N.W.2d at 156.

The right to appeal a board's termination to an adjudicator was part of a major overhaul of teacher-termination law. *See Bruton v. Ames Cmty. Sch. Dist.,* 291 N.W.2d 351, 352 (Iowa 1980) ("In 1976 the General Assembly enacted a statute which 'completely revised the procedure for terminating school teachers' contracts.'") (quoting *Bd. of Educ. v. Youel,* 282 N.W.2d 677, 678 (Iowa 1979)). *See* 1976 Iowa Acts ch. 1151, §§ 279.13–.19.

Applying the rationale of *Van Baale* to this case, we believe these statutory changes provided a new right in the form of more protection for teachers in termination proceedings, and the remedy provided—an appeal to an adjudicator—must be considered the exclusive remedy. *See Van Baale,* 550 N.W.2d at 156; 1A C.J.S. *Actions* § 14, at 338 (2002).

Much of chapter 279, including the appeal provisions of section 279.17, was new in 1976. Prior to that revision, a teacher had few rights in challenging a termination for cause, as compared to the present provisions of chapter 279. In the 1975 Code, this was the procedure for a termination for cause:

The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor.

Iowa Code § 279.24 (1975). The extensive rights now accorded to teachers, including the right to an appeal to an adjudicator, were not known prior to the 1976 Act.

It is true we have recognized certiorari as an available remedy in a teacher-termination case postdating the 1976 legislation. *See Stafford v. Valley Cmty. Sch. Dist.,* 298 N.W.2d 307 (Iowa 1980). *Stafford,* however, involved the narrow issue of whether the teacher was probationary or nonprobationary for purposes of a section 279.17 appeal. (Under that section, a probationary teacher cannot appeal to an adjudicator.) We ruled the plaintiff could challenge the board's classification of her as a probationary teacher in a certiorari action. *Stafford,* 298 N.W.2d at 310. The teacher in *Stafford* did not attempt to use certiorari as a substitute for the statutory appeal.

We conclude the board's action was not final for certiorari purposes, and in any event, the appeal under section 279.17 was the plaintiff's sole remedy.

**AFFIRMED.**