**IN THE COURT OF APPEALS OF IOWA**

No. 16-0675
Filed February 8, 2017

**SCOTT SCHNEIDER,**
     Plaintiff-Appellant,

**vs.**

**KEOKUK COMMUNITY SCHOOL DISTRICT,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Lee County, John M. Wright,

Judge.


     Scott Schneider appeals the district court's dismissal of his petition.

**AFFIRMED.**



     Curtis R. Dial of Law Office of Curtis Dial, Keokuk, for appellant.

     Brett S. Nitzschke and Emily K. Ellingson of Lynch Dallas, P.C., Cedar

Rapids, for appellee.



     Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Scott Schneider sued the Keokuk Community School District alleging the District (I) constructively discharged him based on his union activities, (II) terminated his contract in violation of Iowa Code chapter 279 (2014), and (III) failed to pay him wages and expenses in violation of Iowa Code chapter 91A. The District moved to dismiss the petition. The district court granted the motion as to the first two counts for failure to exhaust administrative remedies. Schneider voluntarily dismissed the third count.

On appeal, Schneider contends the district court erred in dismissing the first two counts. *See Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016) (setting forth standard of review). He asserts, "Requiring [him] to exhaust administrative remedies in this matter would require [him] to pursue a remedy which would be inadequate or fruitless."

### I. Count I

The Iowa Administrative Procedure Act states, "A person or party who has exhausted all adequate administrative remedies . . . is entitled to judicial review." Iowa Code § 17A.19(1). This exhaustion requirement "has several purposes, including honoring agency expertise, handling matters within an agency and not in the courts, and preserving precious judicial resources." *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 189 (Iowa 2013) (*quoting IES Utils., Inc. v. Iowa Dep't of Rev.*, 545 N.W.2d 536, 538 (Iowa 1996)).

To decide whether the exhaustion requirement applies, we must determine if an administrative remedy exists for the claimed wrong and if a statute expressly or implicitly requires that remedy to be exhausted before resort

to the courts. *Keokuk Cty. v. H.B.*, 593 N.W.2d 118, 123 (Iowa 1999). If exhaustion is required, the failure to exhaust administrative remedies deprives a court of authority to hear a case. *See Ghost Player, LLC v. State*, 860 N.W.2d 323, 326 (Iowa 2015).

Iowa Code chapter 20 governs relations between public employers and employees. The statute vests the Public Employment Relations Board (PERB) with authority to "[i]nterpret, apply, and administer the provisions of th[e] chapter." Iowa Code § 20.6(1). "When resolution of a controversy has been delegated to PERB, the district court has no original authority to declare the rights of parties or the applicability of any statute or rule." *Sioux City Police Officers' Ass'n v. City of Sioux City*, 495 N.W.2d 687, 692 (Iowa 1993).

The PERB is specifically charged with "[a]djudicating prohibited practice complaints." Iowa Code § 20.1(2)(b). Under the statutorily defined phrase, an employer may not:

> [e]ncourage or discourage membership in any employee organization, committee or association by discrimination in hiring, tenure, or other terms or conditions of employment . . . [or] [d]ischarge or discriminate against a public employee because the employee has filed an affidavit, petition or complaint or given any information or testimony under this chapter, or because the employee has formed, joined or chosen to be represented by any employee organization.

*See id.* § 20.10(2)(c), (d). A person seeking recourse "shall . . . fil[e] a complaint with the board within ninety days of the alleged violation." *Id.* § 20.11(1).

Count I of Schneider's petition alleged he was constructively discharged for his union activities. Count I fell squarely within PERB's purview. Schneider

did not file a complaint with PERB before proceeding to the district court. He failed to exhaust administrative remedies.

Schneider asserts this remedy was inadequate or fruitless. *See Sioux City Police Officers Ass'n*, 495 N.W.2d at 693. He does not explain how or why. We conclude the chapter 20 remedy was adequate and, because Schneider failed to exhaust this administrative remedy, the district court did not err in granting the school district's motion to dismiss.

## II. Count II

Schneider alleged the District "breached the contract by [constructively] terminating [him] from his employment" in violation of "Iowa Code section[s] 279.15 and 279.19." Chapter 279 affords a teacher a non-judicial remedy for termination by a school's board of directors. The pertinent provision states a "teacher may . . . appeal the determination of the board to an adjudicator by filing a notice of appeal with the secretary of the board." Iowa Code § 279.17(1). The remedy of appeal to an adjudicator "must be considered the exclusive remedy." *Walthart v. Bd. of Dirs. of Edgewood-Colesburg Cmty. Sch. Dist.*, 667 N.W.2d 873, 878 (Iowa 2003).

If the teacher is dissatisfied with the result, the teacher may seek review by the district court. *See* Iowa Code § 279.18(1). The court is not to "hear any further evidence but shall hear the case upon the certified record." *Id.* § 279.18(2). Like the court's scope of review in appeals of agency action under the Iowa Administrative Procedure Act, the court's scope of review in appeals of chapter 279 adjudication decisions is limited. *See id.*

The district court concluded "[Schneider] was obligated to proceed under Section 279.17." We discern no error in this conclusion. While Schneider asserts "chapter 279 is not set up to address issues" of breach rather than nonrenewal of contracts, his petition alleged nonrenewal, as follows:

> The acts of the Defendant in failing to renew the contract of the Plaintiff and then renewing the contract of the Plaintiff if he drove to a different school each day as well as deliberately making the working conditions intolerable were undertaken by the Defendant as a result of the union activities of the Plaintiff.[1]

Schneider's allegation that the contract was not renewed and was subsequently renewed with conditions falls within the board's purview under chapter 279.

We also are unpersuaded by Schneider's argument that if he "were forced to go through some administrative procedure, the adjudicators of his claim would be the persons or entities that he is bringing the claim against." This assertion implicates the futility doctrine mentioned in our discussion of Count I. "[T]he futility exception is concerned with the adequacy of the remedy, not the perceived predisposition of the decision maker." *H.B.*, 593 N.W.2d at 125. Because Schneider's argument is premised on the perceived predisposition of the decision maker, we conclude the futility exception is inapplicable.

We affirm the district court's dismissal of counts I and II of Schneider's petition.

**AFFIRMED.**

---

[1] This allegation was incorporated by reference in Count II.