# IN THE COURT OF APPEALS OF IOWA

No. 22-1342
Filed July 13, 2023

CONCERNED CITIZENS FOR GRAND AVENUE DEVELOPMENT,
    Plaintiff-Appellant,

vs.

CITY OF WEST DES MOINES, IOWA; CITY COUNCIL OF THE CITY OF WEST
DES MOINES, IOWA; PLANNING AND ZONING COMMISSION OF THE CITY
OF WEST DES MOINES, IOWA; RUSS TRIMBLE, in his capacity as Mayor of
West Des Moines; LYNNE TWEDT, in her capacity as Director of
Development Services of West Des Moines; DES MOINES ND, LLC;
BENJAMIN LOUNSBURY; and ANDREW LOUNSBURY,
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

Concerned Citizens for Grand Avenue Development appeal the dismissal

of their mandamus petition. **AFFIRMED.**

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for

appellant.

Michael C. Richards and Daniel J. Johnston (until withdrawal) of Dentons

Davis Brown PC, Des Moines, for appellees City of West Des Moines, Iowa; City

Council of the City of West Des Moines, Iowa; Planning and Zoning Commission

of the City of West Des Moines, Iowa; Russ Trimble; and Lynne Twedt.

Ryan G. Koopmans of Koopmans Law Group, LLC, Waukee, for appellee

Des Moines ND, LLC.

Benjamin Lounsbury and Andrew Lounsbury, West Des Moines, self-

represented appellees.

Heard by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

We are asked whether mandamus is permitted, and relatedly whether certiorari is an adequate remedy, for complaints about procedural defects and alleged legal errors in a municipal zoning process. In light of controlling case law, we hold certiorari is the appropriate and exclusive method of review and that mandamus is unavailable. We affirm dismissal of the mandamus petition.

## I.    Background Facts and Proceedings

This case arises out of objections voiced by Concerned Citizens for Grand Avenue Development (CCGAD), an unincorporated group of West Des Moines residents opposed to the development of a proposed golf entertainment facility. Development of the facility requires an amendment to the City of West Des Moines (City) comprehensive plan and a corresponding planned unit development, commonly referred to as a "PUD."

CCGAD makes a number of specific complaints about how the City and its subunits processed the amendments to the comprehensive plan. First, CCGAD alleges the City's planning and zoning commission acted illegally by not holding a development review team meeting. Second, they allege the City acted illegally by not automatically staying all proceedings following appeal of the planning and zoning commission's decision. And third, they claim the planning and zoning commission acted illegally by not considering "smart planning principles" as purportedly required by Iowa Code chapters 18B and 414 (2022).

To advance these claims in the district court, CCGAD filed both a petition for writ of mandamus and a petition for writ of certiorari. Only the mandamus petition is before us. The City, its city council, its planning and zoning commission,

its mayor, its director of development services, and the applicants for the comprehensive plan amendment and PUD (collectively, "the defendants") moved to dismiss the mandamus action, arguing that certiorari was available and therefore the exclusive remedy available to CCGAD. The district court agreed with the defendants and dismissed the petition. This appeal follows.

## II.     Standard of Review

Our review is for correction of errors at law. *Rees v. City of Shenandoah*, 682 N.W.2d 77, 78 (Iowa 2004).

## III.     Discussion

Mandamus is a special action enforced by extraordinary writ pursuant to Iowa Code chapter 661. The action's purpose is "to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station." Iowa Code § 661.1. In more modern English, the purpose of mandamus is "to enforce an established right and to enforce a corresponding duty imposed by law." *Stith v. Civ. Serv. Comm'n*, 159 N.W.2d 806, 808 (Iowa 1968). "Mandamus is not available to establish legal rights, but only to enforce legal rights that are clear and certain." *Stafford v. Valley Cmty. Sch. Dist.*, 298 N.W.2d 307, 309 (Iowa 1980).

By statute, "An order of mandamus shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law, save as herein provided." Iowa Code § 661.7. "A writ of certiorari is the type of remedy that precludes the use of a mandamus action." *Stafford*, 298 N.W.2d at 309. In other words, if certiorari is available, mandamus is not. *Id.; Reed v.*

*Gaylord*, 216 N.W.2d 327, 331 (Iowa 1974). Based on this statutory prohibition, the threshold question in this appeal is whether certiorari was an available remedy for CCGAD. If so, the district court correctly dismissed the mandamus action.

Our supreme court has held that certiorari is the exclusive remedy to review the "decisions of city councils or county boards of supervisors acting in a quasi-judicial capacity when the claimant alleges illegality of the action taken." *Sutton v. Dubuque City Council*, 729 N.W.2d 796, 800 (Iowa 2006). Quasi-judicial decisions include zoning decisions challenged for lack of compliance with ordinances and challenges that concern a comprehensive plan. *Id.* at 801. Other case law reflects that certiorari includes challenges to alleged procedural irregularities and whether municipal action complied with a state statute. *See Smith v. City of Fort Dodge*, 160 N.W.2d 492, 495–98 (Iowa 1968). One of our unpublished decisions concluded *Sutton* was controlling on a similar challenge. *See Oehl v. Amana Colonies Land Use Dist. Bd. of Trustees*, No. 13-0328, 2014 WL 1234216, at *4 (Iowa Ct. App. Mar. 26, 2014).

We find *Sutton* and the other cases control our resolution of the question presented here, and we hold the exclusive mechanism for CCGAD's challenge is through certiorari. We have little trouble concluding the zoning action at issue is quasi-judicial, as it involved notice, opportunity to be heard, hearing, and other hallmarks of the quasi-judicial process. *See Residential & Agric. Advisory Comm., LLC v. Dyersville City Council*, 888 N.W.2d 24, 40–43 (Iowa 2016) (collecting cases). Our conclusion is supported by the supreme court's observation "that the quasi-judicial character of municipal rezoning is particularly evident in matters involving PUD zoning." *Id.* at 42 (citation and internal quotations omitted). We are

also convinced certiorari is an adequate remedy because, if the district court finds the illegalities alleged by CCGAD, it can sustain the writ of certiorari and void the zoning action. *See* Iowa R. Civ. P. 1.1411. Conversely, we seriously question whether mandamus makes much sense as a remedy here. Even if mandamus were available, it would do CCGAD little good to compel a development review meeting if final zoning action has already occurred. For these reasons, we hold certiorari was an adequate and available remedy for CCGAD's claims, mandamus was not available, and the district court correctly granted the defendants' motion to dismiss. *See* Iowa Code § 661.1; *Stafford*, 298 N.W.2d at 309; *Reed*, 216 N.W.2d at 331.

Finally, we note the defendants contend CCGAD raised identical issues in a certiorari action that, as of oral argument before this court, remained pending in the district court. We express no opinion on the merits of that matter.

## IV.    Disposition

We affirm dismissal of the petition for writ of mandamus.

**AFFIRMED.**